IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORENZO CARL PAYNES,

    Plaintiff,                           No. CIV S-04-1868 MCE KJM P

    vs.

D.L. RUNNELS, et al.,

    Defendants.                  <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302, under the authority of 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $150.00 for this action. 28 U.S.C. § 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges he is a pre-operative transsexual who has expressed concerns about his safety to officials at High Desert State Prison where he is incarcerated. Nevertheless

defendant Tuttin, a correctional officer, opened plaintiff's cell door when plaintiff was asleep, which allowed another inmate to assault plaintiff.

In Farmer v. Brennan, 511 U.S. 825, 833 (1994), the Supreme Court confirmed what the Courts of Appeal had "uniformly held":  "'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners'" under the Eighth Amendment.  A prison official is not liable, however, "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  The ultimate test is whether the prison official acted reasonably in light of his knowledge; if he did, he is not liable under the Eighth Amendment even if the prisoner is harmed.  Id. at 844.

Plaintiff has alleged generally that defendant Tuttin left plaintiff's cell door open and that plaintiff was attacked as a result of this act.  He has not alleged, however, that defendant Tuttin was aware of his status or that he ran the risk of assault by other inmates.

In addition, plaintiff has named D.L. Runnels, the warden of High Desert State Prison, and Jeanne Woodford, the Director of the Department of Corrections, as defendants, but has said only that they are responsible for the prison and the Department, respectively.  A plaintiff must connect the named defendants clearly with the claimed denial of his rights.  Farmer v. Brennan, 511 U.S. at 837, 843 (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally

involved in the deprivation of his civil rights."). When a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).

      The court cannot determine from the complaint what role, if any, defendants Runnels and Woodford played in the alleged deprivation of plaintiff's rights or whether defendant Tuttin disregarded a threat to plaintiff's safety. Plaintiff will be given an opportunity to amend his complaint, if he is able to do so while complying with Federal Rule of Civil Procedure 11.

      If plaintiff chooses to amend the complaint he must submit a complete, new document, because the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

      Accordingly, IT IS HEREBY ORDERED that:

      1. Plaintiff's request to proceed in forma pauperis is granted.

      2. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

      3. Plaintiff's complaint is dismissed for the reasons discussed above, with leave

/////
/////
/////
/////

1  to file an amended complaint within thirty days from the date of service of this Order.  Failure to
2  file an amended complaint will result in a recommendation that this action be dismissed.
3  DATED: May 4, 2005.

                                                                       UNITED STATES MAGISTRATE JUDGE

9  2/payn1868.b