IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORENZO CARL PAYNES,

    Plaintiff,                 No. CIV S-04-1868 MCE KJM P

  vs.

D. L. RUNNELS, et al.,

    Defendant.             ORDER

/

        Lorenzo Paynes is a state prison inmate proceeding pro se with a civil rights action. He has filed a motion to continue time for discovery, two requests for the defendants to respond to discovery and a request for blank subpoena forms. Defendants have filed a motion to modify the scheduling order.

        Plaintiff has requested blank subpoena forms. The court's scheduling order gives him information about the steps necessary to secure the presence of witnesses for trial.

        On January 16, 2009, this court denied plaintiff's earlier request to extend the discovery cut-off date without prejudice because of the conclusory nature of the request. Plaintiff has now filed several requests. The first, filed January 26, asks that the discovery deadline be extended because plaintiff has been placed in administrative segregation. He suggests that he does not have access to his legal materials there. A form attached to this

1

motion shows that plaintiff was released from segregation on December 24 but returned to segregation three days later on December 27, 2008. Docket No. 61. In a statement in support of the request, he predicts he will remain in segregation for ninety days, but does not clarify when the ninety days started. Docket No. 62.

However, in a "motion requesting response to discovery," plaintiff explains that he is unable to keep his legal property in his cell and so must wait for correctional officials to bring him his property. In addition, his access to the law library is limited. Docket No. 67. In a separate request for defendants to respond to discovery, plaintiff explained that beginning December 7, 2008, he was in U.C. Davis Medical Center and then CTC, the prison hospital, and was then released to segregation on December 18, 2008. He also says he was not allowed to receive any of his property until after the hearing on his placement was held on December 31, 2008. Docket No. 65 at 2. Only then was he able to prepare his discovery requests, which he mailed on January 13, 2009. Docket No. 65 at 2. Counsel for defendants notified him that the requests were six days too late and so she would provide no responses.

The court's scheduling order set February 27, 2009, as the discovery cut-off date and provided that discovery requests were to be served no later than sixty days before that date, which was December 29, 2008. Docket No. 57 ¶ 1. Plaintiff has made a sufficient showing that he was unable timely to complete his requests as a result of his hospitalization and his placement in segregation.

In addition, defendants have asked to modify the scheduling order to allow them to take plaintiff's deposition, which originally was scheduled when plaintiff was ill, and thereafter to file dispositive motions.

IT IS THEREFORE ORDERED that:

1. Plaintiff's request for blank subpoena forms (docket no. 66) is denied;

/////

/////

2

2. Plaintiff's requests for additional time in which to conduct discovery (doc. nos. 61 & 62) and his requests that defendants respond to his discovery requests (doc nos. 65 & 67), as well as defendants' request to modify the scheduling order (doc. no. 63), are granted;

3. The remaining dates in the court's scheduling order are hereby vacated and the following dates are established;

4. Defendants are to serve their responses to plaintiff's discovery requests within sixty days from the date of this order; plaintiff will not be allowed to serve additional requests;

5. Any motion to compel based on the responses to these requests is due within ninety days of the date of this order;

6. Defendants may schedule plaintiff's deposition within the ninety day period in which plaintiff has to complete discovery; and

7. Dispositive motions are due within one hundred fifty days of the date of this order.

DATED: May 25, 2009.

_____
U.S. MAGISTRATE JUDGE

2
payn1868.ord